O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-2308 PSG (PLAx) | Date | May 19, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corporation *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):

Not Present

Attorneys Present for Defendant(s):

Not Present

**Proceedings:**   **(In Chambers) Order Denying Plaintiff's *Ex Parte* Application for Emergency Injunction to Stay Eviction**

Pending before the Court is Plaintiff's *ex parte* Request for Order for Emergency Injunction to Stay Eviction.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving papers, the Court DENIES Plaintiff's application.

I.   Background

On March 30, 2010, Plaintiff Huimin H. Lai ("Plaintiff") filed a complaint against Defendants OneWest Bank FSB and Quality Loan Service Corporation (collectively, "Defendants").  The complaint asserted a fraud claim arising out of a loan that Plaintiff secured from a non-party lender to purchase real property in Los Angeles, California (the "subject property").  On May 18, 2010, Plaintiff filed an *ex parte* Request for Order for Emergency Injunction to Stay Eviction (the "Application").[1]  The Application indicates that Plaintiff will be evicted from the subject property on May 21, 2010.

II.   Legal Standard

---

[1] The Application identifies the following defendants: Mortgage Electronic Registration Systems ("MERS"), IndyMac Federal Bank, OneWest Bank FSB, and Federal Home Loan Mortgage Company.  On May 18, 2010, Plaintiff attempted to file a First Amended Complaint naming these parties, but the document was stricken for failure to obtain leave to file an amended complaint.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-2308 PSG (PLAx) | Date | May 19, 2010 |
|----------|----------------------|------|--------------|
| Title | Huimin H. Lai v. Quality Loan Service Corporation *et al.* | | |

The law on *ex parte* applications is well-settled in this circuit.  In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  As the Court's Standing Order makes clear, "[e]x parte applications are solely for extraordinary relief."  *Standing Order* ¶ 10.

### III.   Discussion

Plaintiff's request must be denied for two reasons.  First, Plaintiff has failed to demonstrate that proper notice was provided to Defendants.  *See* L.R. 7-19.1 (requiring the party seeking *ex parte* relief "(a) to make a good faith effort to advise counsel for all other parties, if known, of the date, time and substance of the proposed ex parte application and (b) to advise the Court in writing of such efforts to contact other counsel and whether any other counsel, after such advice, opposes the application or has requested to be present when the application is presented to the Court.").  Plaintiff does not demonstrate that proper notice was provided to any Defendants.

Second, Plaintiff's request for an emergency injunction is properly considered a request for the Court to issue a temporary restraining order ("TRO").  An application for a TRO must satisfy the same legal standard governing the issuance of a preliminary injunction.  *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001).  Accordingly, a party seeking a TRO must establish the following elements: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest.  *See Winter v. Natural Res. Def. Council*, —U.S.—, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) (citation omitted).  In the Application, Plaintiff fails to demonstrate a *likelihood* of success on the merits.  Accordingly, Plaintiff has failed to establish the requisite grounds for a TRO.

### IV.   Conclusion

Based on the foregoing, the Court DENIES Plaintiff's *ex parte* request.  Moreover, Plaintiff is permitted to file an Amended Complaint within fourteen days.  If Plaintiff fails to file an amended complaint by June 2, 2010, this action will be dismissed with prejudice.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2308 PSG (PLAx) | Date | May 19, 2010 |
|----------|------------------------|------|--------------|
| Title | Huimin H. Lai v. Quality Loan Service Corporation *et al.* | | |

**IT IS SO ORDERED.**