O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2308 PSG (PLAx) | Date | June 2, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corp. *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:**     **(In Chambers) Denying Plaintiff's *Ex Parte* Application for a Temporary Restraining Order**

Pending before the Court is Plaintiff's *ex parte* Application for a Temporary Restraining Order. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court DENIES Plaintiff's application.

I.     Background

On May 18, 2010, Plaintiff Huimin H. Lai ("Plaintiff") filed an *ex parte* Request for Order for Emergency Injunction to Stay Eviction, which the Court denied on May 19, 2010 for failure to comply with the notice requirements of Local Rule 7-19.1 and failure to demonstrate a likelihood of success on the merits. *See* Dkt. #11. In that Order, the Court also granted Plaintiff leave to file an amended complaint. *See id.* On May 27, 2010, Plaintiff filed a First Amended Complaint against Defendants Mortgage Electronic Registration Systems ("MERS"), IndyMac Federal Bank, OneWest Bank, FSB, and Federal Home Loan Mortgage Company (collectively, "Defendants"). That day, Plaintiff also filed another *ex parte* application for a temporary restraining order. The Court construes this application as a request for the Court to reconsider its earlier Order.

II.     Legal Standard

     A.     Grounds for Reconsideration under the Federal Rules of Civil Procedure

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2308 PSG (PLAx) | Date | June 2, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corp. *et al.* | | |

      The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *See Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992) (noting that the "self-styled 'motion for reconsideration' is not recognized under Rule 59"). However, courts generally construe a motion for reconsideration as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

      1.    <u>Rule 59(e)</u>

      Under Rule 59(e), reconsideration is appropriate if: (1) the party seeking reconsideration presents the court with newly-discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003).

      2.    <u>Rule 60(b)</u>

      Under Rule 60(b), the following grounds are sufficient to allow for reconsideration of a final judgment or order:

      (1) mistake, inadvertence, surprise, or excusable neglect;

      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud, misrepresentation, or misconduct by an opposing party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or

      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2308 PSG (PLAx) | Date | June 2, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corp. *et al.* | | |

    B.    <u>Grounds for Reconsideration under the Local Rules</u>

Under Local Rule 7-18, the court may reconsider its ruling on any motion only upon a showing of (a) a material difference in law or fact that could not reasonably have been known to the moving party at the time of the original motion, (b) the emergence of new facts or a change of law occurring after the time of such decision, or (c) a manifest failure of the court to consider material facts presented.

III.    <u>Discussion</u>

Plaintiff applies *ex parte* for an order enjoining eviction proceedings pending the outcome of this action. On May 19, 2010, the Court denied a similar *ex parte* request, which included less information than the current application. The Court, however, denies Plaintiff's application for two reasons. First, Plaintiff again fails to demonstrate compliance with the notice and service requirements for *ex parte* applications. According to the Court's Standing Order, parties seeking *ex parte* relief must "serve the opposing party by facsimile transmission and shall notify the opposition that opposing papers must be filed not later than 3:00 p.m. on the first business day following such facsimile service." *Standing Order* § 10. However, Plaintiff merely served the *ex parte* application by certified mail. *See App.* 2:6-10. Such service fails to comply with the Standing Order. Moreover, Plaintiff does not demonstrate a "good faith effort" to inform opposing counsel of this *ex parte* application. *See* L.R. 7-19.1. Apart from mailing a copy of the application, it does not appear that Plaintiff ever attempted to contact Defendants' counsel to inform them of this application prior to the purported service. Although *pro se* plaintiffs are generally afforded some leeway in litigating cases in federal court, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Thus, the Court denies Plaintiff's application for failure to comply with the requisite procedures for *ex parte* relief.

Second, Plaintiff fails to provide adequate grounds for the Court to reconsider its May 19, 2010 Order denying Plaintiff's *ex parte* request for an emergency injunction. Both the earlier request and the current application seek the same relief. Thus, the Court construes this application as a request for reconsideration. *Cf. McElroy v. Cox*, No. 08-1221, 2009 WL 4895360, at *1 (E.D. Cal. Dec. 11, 2009) ("The Court construes his second motion for appointment of counsel as a motion for reconsideration since he seeks the same relief as the original motion for appointment of counsel."). To warrant reconsideration of an order, the party seeking reconsideration must demonstrate the existence of previously undiscovered facts, intervening law, or judicial error. *See* F.R.C.P. 59(e), 60(b); L.R. 7-18. Plaintiff has failed to do

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2308 PSG (PLAx) | Date | June 2, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corp. *et al.* | | |

so. Accordingly, the Court also denies Plaintiff's application on this ground.

IV.     Conclusion

Based on the foregoing, the Court DENIES Plaintiff's *ex parte* Application for Temporary Restraining Order.

**IT IS SO ORDERED.**