O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-2308 PSG (PLAx) | Date | August 26, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corporation, *et al*. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):           Attorneys Present for Defendant(s):

Not Present                                                  Not Present

**Proceedings:**     **(In Chambers)**

Pending before the Court is the Defendants' Motion to Dismiss Plaintiff Huimin H. Lai's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the Motion to Dismiss.

I.     Background

On August 9, 2007, Huimin H. Lai ("Plaintiff") borrowed $332,500.00 and executed a Deed of Trust naming Home Loan Funding, Inc. as the lender, First American Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee to the Lender.[1] MERS assigned all beneficial interests under the deed to OneWest Bank, FSB ("OneWest"), which then assigned its interests to Federal Home Loan Mortgage Company ("FHLMC"). IndyMac Federal Bank, also named as a party in the action, is a loan servicer and a division of OneWest. On February 1, 2009, Plaintiff failed to make payments on the mortgage, prompting Quality Loan Service, Corp. ("Quality"), an agent of MERS, to commence a nonjudicial foreclosure on the property. Quality recorded a Notice of Default and Election to Sell Under Deed of Trust on June 1, 2009 and indicated that Plaintiff was in arrears

---

[1] The facts in this Background are taken from the First Amended Complaint and motion papers, and are not in dispute.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2308 PSG (PLAx) | Date | August 26, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corporation, *et al*. | | |

in the amount of $10,124.06. The property was sold on October 26, 2009 and title reverted to FHLMC.

Despite the nonjudicial foreclosure and sale, Plaintiff continued to reside in the property. As a result, FHLMC filed an action in Los Angeles County Superior Court for unlawful detainer ("*Huimin I*"). On May 20, 2010, the Superior Court found in favor of FHLMC and issued a Writ of Possession.[2] On March 30, 2010, Plaintiff filed this action against Defendants OneWest, MERS, IndyMac Federal Bank, and FHLMC (collectively, "Defendants"). The First Amended Complaint ("Complaint") asserts a claim for relief under the Federal Fair Debt Collection Practices Act ("FDCPA"), a claim for declaratory relief, and a claim seeking injunctive relief.[3] Throughout the Complaint, Plaintiff also alleges that the various assignments and transfers of rights under the deed and the foreclosure sale were improper. Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is pending before the Court.

II.     Legal Standard

Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl.*

---

[2] Defendants make several requests for judicial notice. The Writ of Possession issued by the Los Angeles Superior Court is a public record that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," which this Court takes judicial notice of. Fed. R. Evid. 201(b).

[3] Because "[i]njunctive relief is a remedy and not, itself, a cause of action," the Court considers Plaintiff's request for injunctive relief only as a remedy under the other asserted causes of action. *See Shell Oil, Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942). By granting the Defendants' motion to dismiss, Plaintiff's request is denied.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2308 PSG (PLAx) | Date | August 26, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corporation, *et al*. | | |

*Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id.* at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.,* 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft,* 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Where, as here, a plaintiff proceeds *pro se*, the Court has an obligation to construe her complaint liberally. *Bernhardt v. Los Angeles County,* 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints."). Indeed, the Supreme Court has held that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted). Nonetheless, "[a]lthough a pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint [can]not be cured by amendment," *O'Neal v. Price,* 531 F.3d 1146, 1149 (9th Cir. 2008) (citation omitted), in some circumstances, dismissal of a pro se litigant's complaint with prejudice may be warranted. *See id.* (citing *McHenry v. Renne,* 84 F.3d 1172, 1178-80 (9th Cir. 1996)).

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider a) documents that are "properly submitted as part of the complaint," b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2308 PSG (PLAx) | Date | August 26, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corporation, *et al*. | | |

III. Discussion

    A. Unfair Practices Under the Federal Fair Debt Collection Practices Act

Plaintiff alleges that Defendants violated the FDCPA by committing unfair practices under 15 U.S.C. § 1692f. As a matter of law, Plaintiff's claim must fail because none of the Defendants are "debt collectors" within the meaning of the act. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that 'debt collector' does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Scott v. Wells Fargo Home Mortg.*, 326 F. Supp. 2d 709, 718-19 (E.D. Va. 2003) ("creditors, *mortgagors,* and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA"). In the present case, MERS was a beneficiary of HLF, the lender, and Quality was its agent. MERS was named in the Deed of Trust executed in 2007, and it was not until February 2009 that Plaintiff defaulted. As a result, the claims Plaintiff asserts against Defendants under the FDCPA must fail and Defendants' motion to dismiss on FDCPA grounds is GRANTED.

    B. Declaratory Relief

In her Complaint, Plaintiff seeks declaratory relief and a determination as to the actual owner of the property. *See FAC* ¶ 40-47. The Declaratory Judgment Act gives district courts discretion to exercise its jurisdiction over a claim for declaratory relief. *See* 28 U.S.C. § 2201. "The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *California Ins. Guar. Ass'n. v. Superior Court*, 231 Cal. App. 3d 1617, 283 Cal. Rptr. 104, 108 (Ct. App. 1991). Moreover, "[d]eclaratory relief operates prospectively to declare future rights, rather than to redress past wrongs." *Canova v. Trs. of Imperial Irrigation Dist. Employee Pension Plan*, 150 Cal. App. 4th 1487, 1497, 59 Cal. Rptr. 3d 587 (2007).

Defendants argue that Plaintiff's claim is "entirely commensurate with relief sought through…other causes of action." *Def's Mot. To Dismiss* 18:27-19:1. This Court agrees. Plaintiff disputes the status of the deed and the foreclosure process throughout the Complaint and her claim for declaratory relief adds nothing except to furnish Plaintiff with an additional

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2308 PSG (PLAx) | Date | August 26, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corporation, *et al.* | | |

cause of action for the determination of her ownership interest. Therefore, Defendants' motion to dismiss Plaintiff's claim for declaratory relief is GRANTED.

### C.      Allegations to Void and/or Set Aside Deed of Trust and Foreclosure Sale

Reading the Complaint liberally, Plaintiff argues that the conveyance of title and foreclosure sale should be voided because of the allegedly unlawful acts of Defendants. *See, e.g., FAC* ¶ 3. Specifically, the Complaint alleges that the Defendants have no legal right to the subject property because, *inter alia*, they "were not party to the original mortgage contract, were not named as payees…have failed to demonstrate any assignment," were never note holders, did not provide notice of the sale of the contract or the property, and did not have standing as a creditor to foreclose upon the property. *See FAC* ¶¶ 10, 17-20, 40-47. Because the Plaintiff filed this action *pro se*, the Court construes Plaintiff's various allegations as challenges to the deed and the foreclosure process. The Court, however, is compelled to reject Plaintiff's arguments because of res judicata and Plaintiff's failure to allege or offer tender.

#### 1.      Res Judicata

Defendants argue that the claims in the current litigation are barred by res judicata, or claim preclusion, stemming from the earlier unlawful detainer case in Los Angeles Superior Court.[4] The doctrine of res judicata "is a rule of fundamental and substantial justice, 'of policy and of private peace,' which should be cordially regarded and enforced by the courts.'" *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (internal citation omitted). Res judicata bars relitigation of claims in a subsequent action between the same parties or their privies of a final judgment that has been entered on the merits. *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (*citing Montana v. United States*, 440 U.S. 147, 153-54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)). It only applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties."

---

[4] Despite arguing that res judicata applies to all of the claims asserted by the Plaintiff, the Court only considers the preclusive effect of the unlawful detainer action as it relates to the Defendants' right to possession of the subject property. The Court declines to address whether res judicata bars Plaintiff's claim under the FDCPA or Plaintiff's request for declaratory relief, both of which are dismissed on other grounds.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2308 PSG (PLAx) | Date | August 26, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corporation, *et al*. | | |

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The doctrine rests upon the sound public policy that there must be an end of litigation and, accordingly, persons who have had one fair trial on the issue may not again have it adjudicated. *Dillard v. McKnight*, 34 Cal.2d 214, 209 P.2d 387 (1949).

        a.        <u>Identity of Claims</u>

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Owens*, 244 F. 3d at 714 (*quoting Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). New claims may be barred if they are based on the same nucleus of facts and such claims could have been raised in the earlier action, regardless of whether the new claims were actually litigated. *See Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (internal quotation marks and citation omitted). In the real-property mortgage context, an unlawful detainer action against the debtor after a nonjudicial sale can prevent a later attack of the foreclosure and related procedures by the debtor against his or her creditors. *See Guancione v. Wachovia Mortgage Corp., et al*, No. 5:10-CV-03166 JF (HRL), 2010 WL 2991728, at *3 (N.D. Cal. July 28, 2010) (rejecting Plaintiffs' attempt to "re-litigate their claims" by attacking the foreclosure of real property after a state court already entered judgment in favor of the bank in an unlawful detainer action); *Brumbaugh v. Comerica Bank, et al*, No. 07-CV-786 MMA (POR), 2009 WL 5091681, at *2 (S.D. Cal. Dec. 17, 2009) (dismissing complaint alleging unlawful foreclosure and possession of property where a judgment was entered against Plaintiff in earlier unlawful detainer litigation in state court). In fact, "[a]lthough most issues unrelated to possession can be raised in a subsequent action between the parties, the issue of the irregularity of the ;2414;2414foreclosure or execution sale is barred by a judgment in an ;2425;2425unlawful ;2426;2426detainer action." 7 Miller and Starr, CAL. REAL EST. § 19:223 (3d ed.) (*citing Freeze v. Salot*, 122 Cal.App.2d 561, 266 P.2d 140 (2d Dist.1954); *Bliss v. Security-First Nat. Bank of Los Angeles*, 81 Cal.App.2d 50, 183 P.2d 312 (2d Dist.1947); *Seidell v. Anglo-California Trust Co.*, 55 Cal.App.2d 913, 132 P.2d 12 (3d Dist.1942)).

Both the FAC and *Huimin I* are based on the foreclosure of Plaintiff's real property. Defendant filed suit against Plaintiff in *Huimin I* for unlawful detainer of the subject property and was granted the right to possession after the state court determined that Defendant had a superior right to the property. *See* Dkt. #29. Plaintiff's claims, while sounding in different legal

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2308 PSG (PLAx) | Date | August 26, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corporation, *et al*. | | |

theories, are no more than an attack on the propriety of the foreclosure process. For example, Plaintiff alleges that Defendants foreclosed "without standing," made false representations and "wrongfully facilitated and authorized conveyance of Plaintiff's property." *See FAC* ¶ 27-29. Moreover, Plaintiff seeks relief because no "credible evidence that there was legal interest in and title to the Mortgage, [or] interest in the Note." *See id.* ¶ 44. This is exactly the type of irregularity in the foreclosure process that is barred by the earlier judgment in the unlawful detainer action. Both this action and the earlier unlawful detainer action in state court focus squarely on the transactional nucleus of facts regarding the foreclosure. Because all of the claims asserted in this action are transactionally related to the facts in the unlawful detainer action, namely who has the superior right to possess, the first requirement for res judicata, identity of claims, is satisfied.

       b.  <u>Identity of Parties</u>

  The second requirement for res judicata is that the parties in each case be identical or in privity with each other. *Owens*, 244 F.3d at 713. Specifically, "[i]n order for res judicata to apply, the party against whom the defense is asserted must have been "a party or was in privity with a party to the prior adjudication." *Consumer Advocacy Group, Inc., v. ExxonMobil, Corp.*, 168 Cal. App. 4th 675, 689 (2008); *see also Nguyen v. LaSalle Bank National Ass'n, et al*, No. 09-CV-0881 DOC (SSx), 2009 WL 3297269 (C.D. Cal. Oct. 13, 2009) (holding that the plaintiff was barred from bringing certain causes of action related to foreclosure where bank brought an earlier suit against plaintiff for unlawful detainer). Here, Plaintiff was a party to the unlawful detainer action brought in state court by Defendant FHLMC and res judicata is asserted against her. Accordingly, the second element of res judicata is satisfied.

       c.  <u>Final Judgment on the Merits</u>

  The final requirement for res judicata is that the prior action be resolved by a final judgment on the merits. On May 20, 2010, the California state court entered judgment against the Plaintiff in the unlawful detainer action and issued a writ of possession. Thus, there was a final judgment on the merits, which satisfies the third requirement of res judicata.

  Defendants have established all of the elements necessary to apply the doctrine of res judicata, and have satisfied the Court that Plaintiff's present attacks on the foreclosure process

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#27
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-2308 PSG (PLAx) | Date | August 26, 2010 |
|---|---|---|---|
| Title | Huimin H. Lai v. Quality Loan Service Corporation, *et al*. | | |

are transactionally related to the earlier unlawful detainer case and are an attempt to relitigate similar claims between the same parties.

        2.      <u>Failure to Provide or Allege Tender</u>

In addition to res judicata barring Plaintiff from raising various arguments in favor of setting aside the foreclosure, Plaintiff's failure to make an offer of tender precludes relief. An action to set aside a foreclosure requires tender or offer to tender the amount due. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 92 Cal. Rptr. 851, 854 (Ct. App. 1971). "A tender is an offer of performance made with the intent to extinguish the obligation." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 580 (1984). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *FCPI RE-HAB 01 v. E&G Investments, Inc.*, 207 Cal. App. 3d 1018, 1021 (1989). Without an allegation or offer of tender in the amount of the debt owed, a cause of action for "irregularity in the sale procedure" cannot be maintained. *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996).

Because Plaintiff has wholly failed to offer tender, this Court cannot set aside the allegedly unlawful conveyance of title or foreclosure sale.

        IV.      <u>Conclusion</u>

Based on the foregoing, this Court GRANTS Defendants Rule 12(b)(6) Motion to Dismiss Plaintiff's FDCPA, declaratory relief and injunctive relief claims. The Court finds that leave to amend would be futile in this case and the motion is granted with prejudice. *See Reddy v. Litton Indus.*, 912 F.2d 296 (9th Cir. 1990).

IT IS SO ORDERED.

                                                                                       :

Initials of Deputy Clerk

cc: